UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANITA LYNN MOORE,<br><br>Defendant. | Case No. 1:19-cr-00063-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Anita Lynn Moore's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 37. The Government has filed an opposition to Moore's Motion. Dkt. 39. Moore did not take the opportunity to file anything in reply. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On January 29, 2020, after pleading guilty to three counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine,

the Court sentenced Moore to forty-six months of incarceration with five years of supervised release to follow. Dkt. 39. Moore is now incarcerated at Federal Correctional Institution Waseca ("FCI Waseca"). At the time the Government filed its response, Moore had completed approximately 52% of her total sentence (or 61% with good time credit). Dkt. 39, at 4. During her sentencing, the Court recommended that Moore participate in the Residential Drug Abuse Program (RDAP). Dkt. 35, at 2. Because of COVID-19 restrictions, Moore has not been able to participate in the program, nor is it likely that she will be able to before being released. Dkts. 37, at 7; 37-2, at 4; 39, at 6.

In April 2020, Moore petitioned the Warden at FCI Waseca for Compassionate Release. Dkt. 37, at 6. The Warden denied the request on May 28, 2020. Dkt. 39, at 4. After contracting and recovering from COVID-19, Moore submitted a renewed request to the Warden in November 2020. Dkt. 39, at 4. Her request was again denied. *Id.* Moore subsequently filed this Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) with the Court. Because she is not currently receiving drug treatment, Moore seeks to be released on the condition that she complete a long-term residential faith-based rehabilitation program, particularly a program located in Twin Falls, Idaho. Dkt. 37, at 7.

### III. LEGAL STANDARD

Moore seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1

MEMORANDUM DECISION AND ORDER - 2

threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

---

(N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

Moore submitted her first request for Compassionate Release with the Warden in April 2020 and a second request in November 2020. Dkt. 39, at 4. After carefully considering the relevant factors for compassionate release, the Warden denied both requests. Dkt. 37-2. Because her requests were denied, the Court finds that she has exhausted her administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Moore exhausted her administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Moore's sentence and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Moore bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Before Congress enacted the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume

compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because the FSA allows defendants to seek relief directly from the court, the discrepancy between the FSA and Sentencing Commission's policy statements "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded that "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Moore points to one of the specific scenarios set out in the Sentencing Commission's policy statements applicable to this situation. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Specifically, Moore seeks compassionate release under the "medical condition" scenario

MEMORANDUM DECISION AND ORDER - 5

in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] Moore argues that her history of chronic kidney disease, coupled with COVID-19, places her at an increased risk for re-exposure to COVID-19, and that her inability to participate in RDAP are tantamount to extraordinary or compelling reasons warranting release. Dkt. 37. But, as the Government pointed out, Moore did not demonstrate she currently suffers from a "serious medical condition" that "substantially diminishes her ability to provide self-care in prison and from which she is not expected to recover." Dkt. 39, at 12 (quoting U.S.S.G. 1B1.13, Application Note 1).

Even though Moore suffers from chronic kidney disease, which puts her at high risk for severe COVID-19, her most recent urinalysis came back negative and showed her condition as stable. Dkt. 37-2, at 4. Additionally, Moore has already contracted, and recovered from, COVID-19.[4] Dkt. 37, at 4. And the possibility of her being reinfected

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—
    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

[4] Moore alleges that she experienced moderate to severe symptoms but has been fully recovered since September 2020.

MEMORANDUM DECISION AND ORDER - 6

appears negligible,[5] particularly when considering vaccine availability[6] and likely herd immunity at FCI Waseca,[7] (Dkt. 39, at 2, 5) as well as the low number of cases at Waseca.[8] Moore's chronic kidney disease paired with a slight chance of reinfection is not tantamount to the extraordinary and compelling medical conditions considered in the statutory scheme. Consequently, the Court holds that Moore has not met her burden, as far as extraordinary and compelling circumstances go.

Moore also argues that her inability to participate in Court-recommended RDAP produces an extraordinary and compelling reason for compassionate release. Dkt. 37. Although Moore arrived at FCI Waseca in March 2020, expecting to participate in RDAP, restrictions put in place due to COVID-19 prevented her from participating. Dkts. 37, at 3; 39, at 6. This has made it impossible for her to complete RDAP before her projected release date. Dkt. 39, at 6. Although unfortunate, especially in light of her need and sincere desire for treatment, this alone does not produce an extraordinary or compelling reason to reduce or otherwise modify Moore's sentence. As such, Moore has not met her burden of demonstrating extraordinary and compelling reasons for her release, notwithstanding the

---

[5] "Cases of reinfection of COVID-19 have been reported but are rare." *When You Can be Around Others After You Had or Likely Had COVID-19*, CTRS. FOR DISEASE CONTROL AND PREVENTION (last updated Mar. 12, 2021), https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/end-home-isolation.html.

[6] Moore qualifies for vaccination under the BOP's vaccination program. Although the Court is unsure as to Moore's vaccination status, more than 400 FCI Waseca inmates have been vaccinated to date. *Coronavirus*, FED. BUREAU OF PRISONS (last accessed May 20, 2021), https://www.bop.gov/coronavirus/.

[7] 67% of FCI Waseca inmates have already contracted COVID-19. Dkt. 39, 6.

[8] FCI Waseca currently has zero inmate and two staff active cases. FED. BUREAU OF PRISONS, *supra* note 6.

MEMORANDUM DECISION AND ORDER - 7

Court's desire that she obtain treatment. Moore can always do substance abuse treatment as a term and condition of supervised release once she is released from prison.[9]

Finally, the Government asserts there are compelling reasons not to release Moore at this time. The Government argues that the 18 U.S.C. § 3553(a) factors weigh against her release.[10] In particular, the Government asserts that the Court should not disturb its already-below guideline sentence because of the seriousness of Moore's crime and criminal history. Dkt. 39, at 16. While persuasive, the Court need not determine if the Government's argument alone would have been sufficient to deny the present motion given the lack of extraordinary and compelling reasons.

In sum, the Court finds that Moore has not met her burden demonstrating that "extraordinary and compelling reasons" exist warranting her release. Accordingly, the Court must DENY Moore's Motion. 18 U.S.C. § 3582(C)(1)(A).

---

[9] In fact, under Additional Supervised Release Terms, her Judgment requires her to participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer.

[10] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

V. ORDER

The Court HEREBY ORDERS:

1. Moore's Motion for Compassionate Release (Dkt. 37) is DENIED.

DATED: June 11, 2021

_____
David C. Nye
Chief U.S. District Court Judge